

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JARED GUILLORY** § | | |
| *Plaintiff* § | | |
| § | | |
| VS. § | C.A. NO. 2:23-CV-01702-JDC-KK | |
| § | (JURY) | |
| **CARBOLINE COMPANY** § | | |
| *Defendant* § | | |

## DEFENDANT CARBOLINE COMPANY'S FIRST AMENDED ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant Carboline Company ("Carboline") and files this, its First Amended Answer to Plaintiff's Petition for Damages.[1]

### Answer

1. Carboline admits the allegations in Paragraph 1 of Plaintiff's Petition.

2. Carboline lacks sufficient information to justify belief of the allegations in Paragraph 2 of Plaintiff's Petition and therefore denies those allegations.

3. Carboline denies the allegations in Paragraph 3 of Plaintiff's Petition.

4. Carboline denies the allegations in Paragraph 4 and subparts (a) through (i) of Plaintiff's Petition.

5. Carboline denies the allegations in Paragraph 5 and subparts (A) through (D) of Plaintiff's Petition.

6. Carboline denies the allegations in Paragraph 6 of Plaintiff's Petition.

---

[1] Plaintiff filed his Petition in State Court. Accordingly, Carboline refers to that pleading as "Petition" throughout this Answer.

7. Carboline denies that its alleged acts and/or omissions caused the alleged damages of Plaintiff, but admits the allegations in Paragraph 7 of Plaintiff's Petition to the extent that Carboline had a policy or policies of insurance in effect, and that said policy or policies is/are the best evidence of its/their terms, conditions, limitations and exclusions contained therein.

8. Carboline admits that Plaintiff is seeking damages but denies that Carboline caused said alleged damages and/or that Plaintiff is entitled to same.

9. Carboline admits that Plaintiff is seeking the damages outlined in the WHEREFORE paragraph but denies that Carboline caused said alleged damages and/or that Plaintiff is entitled to same.

**Affirmative Defenses**

10. AND NOW FURTHER ANSWERING, Carboline denies any liability whatsoever to Plaintiff and/or any other parties to this proceeding.

11. AND STILL FURTHER ANSWERING, Carboline denies that it was in any way negligent and alternatively alleges actual negligence on the part of other parties over whom it has no control and for whom it bears no responsibility; the fault of these persons caused and/or contributed to the alleged occurrence and/or injuries.

12. AND STILL FURTHER ANSWERING, Carboline pleads the comparative fault and/or negligence of Plaintiff, pursuant to article 2323 of the Louisiana Civil Code; the fault and/or negligence of Plaintiff contributed to and/or caused the alleged occurrence and injuries.

13. AND STILL FURTHER ANSWERING, Carboline pleads the comparative fault and/or negligence of Waste Management, and/or other entity or persons responsible for failing to properly train Plaintiff and/or failing to properly provide PPE to Plaintiff (including but not limited to a dust mask and/or respirator); the fault and/or negligence of these persons and/or entities,

including but not limited to Waste Management, caused and/or contributed to the alleged occurrence and/or injuries.

14.     AND STILL FURTHER ANSWERING, Carboline denies that any condition from which the Plaintiff is suffering, if any, is the result directly or indirectly of the occurrence alleged in Plaintiff's Petition for Damages, but Carboline says that if the Plaintiff is suffering from any illness, disease, or condition claimed by Plaintiff, the same in whole or in part was and is the result of some prior or subsequent accident, injury, disease, physical defect, or bodily condition, for which Carboline is not responsible and which did not proximately result from the occurrence made the basis of this suit.

15.     AND STILL FURTHER ANSWERING, Carboline would show that Plaintiff failed to act as a person of ordinary prudence would have done under the same or similar circumstances in mitigating his damages, if any, that resulted from the occurrence in question.

16.     AND STILL FURTHER ANSWERING, Plaintiff's alleged damages resulted from an intervening and/or superseding cause(s) over which Carboline had no authority, control, or legal responsibility.

17.     AND STILL FURTHER ANSWERING, while denying at all times that Plaintiff has stated a valid claim under the Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. Ann. § 9:2800.51, *et seq.,* to the extent such a claim is found to exist, Carboline pleads all the limitations and defenses set forth in the provisions of the LPLA, including the sections that provide that the LPLA provides an exclusive remedy.

18.     AND STILL FURTHER ANSWERING, if Plaintiff has previously settled or should hereafter settle with any third-party for the liability arising out of the alleged facts of this lawsuit, then

Carboline is entitled to a credit for the portion of fault and/or *pro rata* virile share attributable to any and all settling parties.

19. AND STILL FURTHER ANSWERING, Carboline reserves the right to assert any other applicable defense that may be revealed in future discovery. Carboline also specifically reserves the right to amend this answer when additional or clarifying allegations are made and/or when information is developed in the course of discovery that bears upon the defenses applicable to this action.

## Jury Demand

20. AND NOW FINALLY ANSWERING, Carboline denies that the Plaintiff's damages are equal to or exceeding the amount properly tried before jury. In the event that damages are found to exceed that amount, however—a fact that is denied by Defendant—then Defendant is entitled to and demands a trial by jury and will post such bond as the Court may require.

Respectfully submitted,

**GERMER BEAMAN & BROWN PLLC**
ONE BARTON SKYWAY
1501 S. Mopac Expy, Suite A400
Austin, Texas  78746
(512) 472-0288 Telephone
(512) 472-9260 Telecopier


By: /s/ Gregg R. Brown
    Gregg R. Brown (*pro hac vice*)
    Texas Bar No. 03129010
    grb-svc@germer-austin.com
    Valerie Lewis
    Louisiana State Bar No. 39658
    vlewis@germer.com

**ATTORNEYS FOR DEFENDANT CARBOLINE COMPANY**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record pursuant to the Federal Rules of Civil Procedure on this 18TH day of November, 2024.

| | |
|---|---|
| Mr. Derrick D. Kee<br>derrick@coxatty.com<br>Roy Frederick Wygant<br>roy@coxatty.com<br>THE COX LAW FIRM<br>723 Broad Street<br>Lake Charles, LA  70601 | **VIA E-FILE** |

                                                /s/ Gregg R. Brown
                                                Gregg R. Brown